**William C. JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00151–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1985.

C. David Evans, San Antonio, for appellant.

Gary E. Kersey, County Atty., Kerrville, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for the Class A misdemeanor offense of hindering secured creditors. TEX.PENAL CODE ANN. § 32.33(b), (c) (Vernon Supp. 1985). The jury found appellant guilty as charged and the trial court assessed punishment at forty-five days confinement in the Kerr County Jail, probated for one year.

The central issue of this appeal, presented in ground of error one, is whether the trial court erred in overruling appellant's plea of jeopardy. The record reflects that the State filed an information and complaint in Cause No. 8958, alleging that appellant, on or about January 14, 1982, with intent to hinder creditors, concealed or harmed a 1977 Thunderbird automobile and a 1978 Granada automobile. John Pitts was listed as the secured creditor. This cause was called for trial, the jury was impaneled and sworn, appellant pled not guilty and the State proceeded to examine its first witness. The State sought to introduce certain evidence deemed essential to proof of guilt, but the court ruled such evidence as inadmissible. The State then moved to dismiss the prosecution.

Subsequently, the State filed an information and complaint in Cause No. 9,339, alleging that appellant, on or about January 14, 1982, with intent to hinder a secured creditor, Schreiner Bank of Kerrville, concealed a 1977 Thunderbird automobile. Appellant was tried and convicted on the basis of this information. His special sworn plea of double jeopardy was over-

ruled by the court. It is undisputed that John Pitts was the vice-president of the Schreiner Bank of Kerrville and that Pitts signed the complaints in each of the informations at issue. The secured property was the same 1977 Thunderbird automobile and the alleged concealment violation was the same in both cases. In response to the question on restitution, the State concedes that the Schreiner Bank was the injured party and the only victim of the offense. The 1978 Granada automobile was not related to the security agreement which formed the basis of this case. Testimony concerning the Granada automobile was used for the purpose of showing appellant's alleged fraudulent scheme.

The double jeopardy clause of the fifth amendment of the United States Constitution provides: "[n]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The federal rule that jeopardy attaches when the jury is impaneled and sworn has been held to be an integral part of the constitutional guarantee against double jeopardy and applies to the states through the fourteenth amendment. *Crist v. Bretz,* 437 U.S. 28, 32, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24, 33 (1978); *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1962). The same constitutional standards must apply equally in federal and state courts. *Benton v. Maryland,* 395 U.S. 784, 795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 716 (1969). In Texas, the double jeopardy clause, article I, section 14, of the Texas Constitution, has been interpreted to prohibit a defendant from being subjected to trial a second time for the same offense for which he was previously placed in jeopardy. "[J]eopardy, meaning danger or hazard, can be based upon a prosecution discharged for valid causes, without a verdict...." *See* TEX.CONST. art. I, § 14, interp. commentary (Vernon 1984); *Garza v. State,* 658 S.W.2d 152 (Tex.Crim.App. 1982).

■ In the instant case jeopardy attached when the jury was impaneled and

sworn, and testimony heard. The dismissal of the prosecution was tantamount to an acquittal of the charge. *Rameriz v. State,* 171 Tex.Cr.R. 507, 352 S.W.2d 131, 132 (1961); *Black v. State,* 143 Tex.Cr.R. 318, 158 S.W.2d 795, 796 (1942). Both of the trials at issue were based on the informations and complaints alleging the same transactions and involving the same facts. "We must, in determining whether they are the same offense or not, look to the act, acts or omissions...." *Doggett v. State,* 130 Tex.Cr.R. 208, 93 S.W.2d 399, 405 (1936) (on rehearing). The State has failed to show or establish a manifest necessity for the dismissal of the prosecution in the first trial. The record shows a valid "information" and the court had jurisdiction over the cause and the parties; hence, the second trial was barred under the doctrine of double jeopardy. The first ground of error is sustained.

■ Appellant's second contention is that the trial court erroneously denied his motion to dismiss for failure to provide a speedy trial. TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 1(2) (Vernon Supp. 1985) provides in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

\*　　\*　　\*　　\*　　\*　　\*

(2) 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days....

In this case appellant was first charged on March 24, 1982, with violation of penal code section 32.33, hindering secured creditors, a misdemeanor offense. Appellant was arraigned on April 30, 1982, at which time he entered a plea of not guilty. Thereafter, on May 11, 1982, before the expiration of 90 days, appellant waived his rights under the Speedy Trial Act, article 32A.02 of the Code of Criminal Procedure. The prosecution in this cause was dismissed on the State's motion. Subsequently, a second information was filed on February 1, 1983, involving the same subject matter, the same transaction and the same facts. Appellant filed his motion to set aside the information for failure to provide a speedy trial on December 21, 1983, and a second similar motion on February 15, 1984. The trial court overruled the motion on February 29, 1984.

TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 4(7) (Vernon Supp.1985) provides in pertinent part as follows:

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

\*　　\*　　\*　　\*　　\*　　\*

(7) if the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date the time limitation would commence running on the subsequent charge had there been no previous charge....

The *waiver* only tolled the time limitation until the date the new information was filed. The State was required to announce ready for trial within ninety days from February 1, 1983, when the second information was filed. It is undisputed that the State was not ready for trial within the ninety day period. Additionally, there is no evidence to indicate that the State used due diligence in trying to locate the presence of appellant after February 1, 1983. Regardless of its lack of readiness for trial from an evidentiary standpoint, the State was not ready for trial for failure to secure the presence of the defendant; the presence of the defendant is a burden of the State. *Lyles v. State,* 653 S.W.2d 775, 777 (Tex. Crim.App.1983); TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 4(4)(B) (Vernon Supp. 1985). Ground of error two is sustained.

■ Appellant challenges the sufficiency of the evidence in ground of error three.

The undisputed evidence shows that appellant borrowed Two Thousand Two Hundred Fifty Dollars ($2,250.00) from the Schreiner Bank of Kerrville, on September 14, 1981, secured by a 1977 Thunderbird automobile. He indicated that he resided at the Rio Robles Mobile Home Park with a mailing address listed as P.O. Box 1133, Kerrville, Texas. Subsequently, appellant's account became delinquent and the bank learned that he did not live at Rio Robles Mobile Home Park nor was he at the Temple hospital as reported. On January 14, 1982, the bank's vice-president met with appellant and instructed him to bring the automobile to the bank. The appellant agreed but he failed to return to the bank or deliver the car. On March 18, 1982, appellant was residing at the Mobley Hotel in Blanco, Texas, and the bank's agent repossessed the security (1977 Thunderbird automobile) found on the hotel's parking lot. The question as to whether the automobile was concealed was disputed and obviously determined by the jury against appellant. The question on the sufficiency of the evidence is reviewed in the light most favorable to the prosecution. The relevant question is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed. 560, 573–74 n. 12 (1979); *Skinner v. State*, 652 S.W.2d 773, 776 (Tex.Crim.App.1983). We hold there is sufficient evidence in this case to support the guilty verdict. Ground of error three is overruled.

■ In ground of error number four, appellant complains that the information is fundamentally defective because it fails to allege that the offense occurred in Kerr County. TEX.CODE CRIM.PROC.ANN. art. 21.21 requires in pertinent part that "[it] must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed." A review of the information reveals that it was issued by the county attorney of Kerr County, Texas, and recites that the appellant "in the County and State aforesaid, did then and there"

commit the offense. The words "then and there" after the county had been named were sufficient to allege that the offense occurred in Kerr County. *Ex parte Hunter*, 604 S.W.2d 188, 190 (Tex.Crim.App. 1980). Appellant's fourth ground of error is overruled.

■ The contention that the trial court committed reversible error by denying appellant's requested charge to the jury is considered waived. He requested a definition of "conceal" which was denied by the court. Appellant cites no authorities in support of his assertion of error in this regard and, therefore, does not preserve error. *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App.1980); *Zuniga v. State*, 490 S.W.2d 577, 578 (Tex.Crim.App. 1973). We have nevertheless reviewed the record and fail to find reversible error.

The last two grounds of error raise questions of abuse of discretion and violation of due process in ordering appellant to make restitution in the amount of Five Thousand Three Hundred Forty-Six Dollars ($5,346.00) as a condition of probation. The State has conceded that the amount of ordered restitution is excessive and that this court can reform the judgment, in the event this cause is affirmed. In light of our disposition of grounds of error one and two, it is unnecessary for this court to do so.

Accordingly, we reverse the judgment and order appellant discharged from custody. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).