**Tommy Curtis WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–89–01481–CR.**

Court of Appeals of Texas, Dallas.

Jan. 22, 1992.

Discretionary Review Refused June 17, 1992.

Gary Udashen, Dallas, for appellant.

Carolyn Fitz–Gerald Levin, Dallas, for appellee.

Before ROWE,[1] BURNETT and CHAPMAN[2], JJ.

## OPINION ON REMAND

### CHAPMAN, JUSTICE

Upon original submission of this cause we did not consider Wilson's four points of error challenging the constitutionality of article 21.06 of the Texas Code of Criminal Procedure. *Wilson v. State,* No. 05–89–01481–CR (Tex.App.—Dallas December 18, 1990) (not designated for publication). Wilson filed a petition for discretionary review. The Court of Criminal Appeals remanded this cause for consideration of Wilson's constitutional challenges. *Wilson v. State,* No. 113–91 (Tex.Crim.App. March 27, 1991) (not designated for publication). We overrule Wilson's points[3] and affirm the trial court's judgment.

---

1. The Honorable Gordon Rowe, Justice, participated in this cause before his resignation effective December 2, 1991, but did not participate in the issuance of this opinion.

2. The Honorable Ron Chapman succeeded the Honorable Pat McClung, a member of the original panel, upon Justice McClung's resignation. Justice Chapman has reviewed the briefs and the record before the court.

3. Wilson argued, in his seventh point of error, that the evidence is insufficient to support the conviction. He argues that the State failed to prove that he expressly represented the substance to be cocaine. Section 482.002 of the Texas Health and Safety Code provides that the offense may be committed by representing the substance "to be a controlled substance in a manner that would lead a reasonable person to believe the substance is a controlled substance."

The trial court found Tommy Curtis Wilson guilty of unlawful delivery of a simulated controlled substance and sentenced him to eight years' confinement and a $1,000 fine. As authorized by article 21.06 of the Texas Code of Criminal Procedure, the indictment alleged that the offense occurred in Dallas County. TEX.CODE CRIM. PROC.ANN. art. 21.06 (Vernon 1989). However, the evidence showed that the offense occurred in Tarrant County but within 400 yards of the Dallas County line.[4] Wilson complains that article 21.06 violates (1) his right to be informed of the nature of the accusation against him, (2) his right to due process, and (3) his right to due course of law.

## STANDARD OF REVIEW

■ In determining a statute's constitutionality, this Court begins with a presumption of the statute's validity. We presume that the legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978). It is Wilson's burden to show that the statute is unconstitutional. *Granviel,* 561 S.W.2d at 511; *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex. 1974). Every reasonable intendment and presumption is made in favor of the constitutionality and validity of the statute until the contrary is clearly shown. Before a legislative act will be set aside, it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption. *Granviel,* 561 S.W.2d at 511.

The Code of Criminal Procedure provides: "When the offense may be prosecuted in either of two or more counties, the indictment may allege the offense to have been committed in the county where the same is prosecuted, or any county or place where the offense was actually committed." *See* TEX.CODE CRIM.PROC.ANN. art. 21.06 (Vernon 1989).

■ The indictment's purpose is to notify the accused of the charged offense and its elements so that he may properly prepare his defense. *Sattiewhite v. State,* 600 S.W.2d 277, 282 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g). We view the information that the indictment provided from Wilson's perspective at the time he was indicted. It is improper to determine whether the allegations in the charging instrument constituted adequate notice by reviewing the record. The notice upon which the accused prepares his defense must come from the face of the charging instrument. *DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex.Crim.App.1988). However, the State need not prove every averment in an indictment. *Sattiewhite,* 600 S.W.2d at 284 n. 11. In preparing charging instruments, the State usually describes the location of the criminal offense by merely alleging that it was committed in a certain county. *Ward v. State,* 642 S.W.2d 782, 783 (Tex. Crim.App. [Panel Op.] 1982). Our inquiry is whether Wilson's indictment provided him with the notice required by the constitutional provisions upon which he bases his points of error.

## FEDERAL CONSTITUTIONAL RIGHT TO BE INFORMED

In his third point of error, Wilson complains that article 21.06 violates the Sixth and Fourteenth Amendments to the United

---

TEX.HEALTH & SAFETY CODE ANN. § 482.002 (Vernon 1990). The indictment alleged that Wilson delivered a simulated controlled substance and did "expressly and in a manner that would lead a reasonable man to believe that the substance is a controlled substance, represent the said simulated controlled substance to be a controlled substance...." The evidence shows that Wilson, when offering the substance for sale, used a term, "crack", which commonly refers to cocaine. This is sufficient. *See Boykin v. State,* 779 S.W.2d 134, 136 (Tex.App.—Houston [14th Dist.] 1989), *aff'd,* 818 S.W.2d 782 (Tex.Crim. App.1991). Additionally, we note that, when different methods of committing an offense are alleged conjunctively, proof of one method is sufficient. *Zanghetti v. State,* 618 S.W.2d 383, 385 (Tex.Crim.App. [Panel Op.] 1981); *Atuesta v. State,* 788 S.W.2d 382, 385 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). We stand by our holding that the evidence is sufficient in this case.

4. Article 13.04 authorizes a county to prosecute offenses committed within 400 yards of its boundaries. TEX.CODE CRIM.PROC.ANN. art. 13.04 (Vernon 1977).

States Constitution. He argues that the State affirmatively misinformed him of the nature of the accusation made against him because article 21.06 allowed the State to allege that an offense occurred in one county and to prove that it occurred in another county.

■ The Sixth Amendment, in part, provides that an accused shall be informed of the nature and cause of the accusation against him. U.S. CONST. amend. VI. The Fourteenth Amendment dictates that fundamental guarantees apply equally in federal and state courts. U.S. CONST. amend XIV; *Benton v. Maryland,* 395 U.S. 784, 795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707 (1969); *Jackson v. State,* 697 S.W.2d 513, 514 (Tex.App.—San Antonio 1985, no pet.). An indictment is sufficient if it (1) contains the elements of the offense charged, (2) fairly informs the defendant of the charge against which he must defend, and (3) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974).

■ It is not necessary to allege the location of an offense with any more specificity than the county if: (1) the offense may be committed anywhere within the county; (2) the offense location is not an element of the offense; and (3) the trial court has countywide jurisdiction. *Hodge v. State,* 527 S.W.2d 289, 292 (Tex.Crim. App.1975). Designating the county constitutes a sufficient allegation of the offense location to provide a defendant with adequate notice of the offense with which he is charged and to enable him to plead a judgment in bar to subsequent prosecutions. *Hodge,* 527 S.W.2d at 291.

■ The indictment need not allege evidentiary matters for the purpose of notice when the charging instrument clearly states the offense charged. *See Ward,* 642 S.W.2d at 784. The indictment need not set forth absolute factual allegations in the indictment. *See* TEX.CODE CRIM.PROC.ANN. art. 21.04 (Vernon 1989); *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g); *King v. State,*

732 S.W.2d 796, 802 (Tex.App.—Fort Worth 1987, pet. ref'd). When charging possession of a controlled substance, neither the indictment nor the information must allege where within the county the alleged offense of possession occurred. *Ex parte Hyett,* 610 S.W.2d 787, 788 n. 1 (Tex.Crim. App.1981).

■ Appellant is charged with constructive knowledge of the law. *See Crain v. State,* 69 Tex.Crim. 55, 153 S.W. 155, 155–56 (1913); TEX.PENAL CODE ANN. §§ 1.02, 8.03(a) (Vernon 1974). This constructive knowledge extends to procedural laws and case law. *See* TEX.PENAL CODE ANN. §§ 1.07(a)(20), 8.03(a) (Vernon 1974); *Minjares v. State,* 577 S.W.2d 222, 224 (Tex.Crim.App. [Panel Op.] 1978); *Williams v. State,* 549 S.W.2d 183, 187 (Tex.Crim.App.1977).

■ Wilson's indictment charged delivery of a simulated controlled substance in Dallas County. The State proved that the offense occurred in Tarrant County within 400 yards of Dallas County. The offense location is not an element of delivery of a simulated controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 482.002 (Vernon Pamph.1992). Since the offense location is not an element of the offense, there was no error in the indictment. The indictment informed Wilson of the accusation that he had delivered a simulated controlled substance and did not fail to allege the elements of the charged offense. He was charged with constructive notice of article 21.06. *See Minjares,* 577 S.W.2d at 224. We hold that under these circumstances article 21.06 does not unconstitutionally violate Wilson's Sixth Amendment right to be informed of the nature of the accusation against him. We overrule Wilson's third point of error.

## STATE CONSTITUTIONAL RIGHT TO BE INFORMED

■ In his fourth point of error, Wilson complains that article 21.06 violates his right to be informed of the nature of the accusation against him under article 1, section 10 of the Texas Constitution. Article

1, section 10, in part, provides that the accused shall have the right to know the nature and cause of the accusation against him and to have a copy thereof. TEX.CONST. art. 1, § 10. This constitutional provision requires that the charging instrument itself convey adequate notice from which the accused may prepare his defense. *State v. Carter,* 810 S.W.2d 197, 199 (Tex.Crim. App.1991). A defendant is entitled to notice of the *acts or omissions* allegedly committed. *Carter,* 810 S.W.2d at 199; *Daniels v. State,* 754 S.W.2d 214, 217 (Tex. Crim.App.1988).

■ Venue was proper in Dallas County in this case because the offense allegedly occurred within 400 yards of Dallas County. TEX.CODE CRIM.PROC.ANN. art. 13.04 (Vernon 1977). Venue is a place where the case may be tried. *See Ex parte Watson,* 601 S.W.2d 350, 351 (Tex.Crim. App.1980); *Clark v. State,* 796 S.W.2d 551, 554 (Tex.App.—Dallas 1990, no pet.). Venue is not a constituent element of the offense. *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim.App.1981); *Glenn v. State,* 779 S.W.2d 466, 469 (Tex.App.—Tyler 1989, pet. ref'd).

■ Article 21.06 authorized the State to allege that the offense occurred in the county of prosecution rather than the county in which it was committed. TEX.CODE CRIM.PROC.ANN. art. 21.06 (Vernon 1989). An indictment is not fundamentally defective if it avers that the offense occurred in a county other than the county of prosecution. *Watson,* 601 S.W.2d at 352 n. 3. Further, it is not error for the indictment to aver that the offense occurred in the county of prosecution rather than the county in which the offense was committed. *See Rushing v. State,* 546 S.W.2d 610, 611 (Tex.Crim.App.1977).

■ Wilson contends that the prosecuting county's use of article 21.06 affirmatively misled him regarding the nature of the accusation against him. The State charged Wilson with delivery of a simulated controlled substance in Dallas County and proved that it occurred in Tarrant County. Wilson argues that charging him in this manner prevented him from preparing for the variant proof. The proof of where the offense occurred established venue for Dallas County. Wilson did not need to rebut this proof because it was not a constituent element of the offense. TEX. HEALTH AND SAFETY CODE ANN. § 482.002 (Vernon Pamph.1992).

Wilson received adequate notice of his alleged criminal acts. The indictment charged Wilson with sufficient certainty to enable him to prepare a defense to the alleged criminal act. He had constructive knowledge of article 21.06 when he was given notice of the charges against him through the indictment. *See Crain,* 153 S.W. at 156. We conclude that the indictment was not unconstitutionally misleading. We hold that, when the offense location is not an element of the offense, article 21.06 does not violate the accused's state constitutional right to be informed of the nature of the accusation against him. We overrule Wilson's fourth point of error.

## FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS

In his fifth point of error, Wilson complains that article 21.06 unconstitutionally violates his due-process rights under the Fifth and Fourteenth Amendments to the United States Constitution. He also complains that the inaccuracy of the indictment prevents him from using it as a bar to subsequent prosecution.

### 1. Due Process

■ An indictment is adequate if it states the essential elements of the charged offense, sufficiently apprises the defendant of what he must prepare to meet, and is detailed enough to permit the defendant to plead former jeopardy in a later prosecution. *See Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962); *United States v. Meacham,* 626 F.2d 503, 507 (5th Cir.1980), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 455, 74 L.Ed.2d 608 (1982). Indictments that track the statutory language but do little more than state time and place in approximate terms are nevertheless con-

sidered sufficient. *United States v. Beech–Nut Nutrition Corp.,* 659 F.Supp. 1487, 1498 (E.D.N.Y.1987).

■ In the context of a due-process challenge to a statute, all citizens are presumed to know the law. *Atkins v. Parker,* 472 U.S. 115, 130, 105 S.Ct. 2520, 2529, 86 L.Ed.2d 81 (1985). By statute, any county may prosecute offenses that occur within 400 yards of the county boundary. TEX. CODE CRIM.PROC.ANN. art. 13.04 (Vernon 1977). Further, the prosecuting county may allege that the offense occurred in the county of prosecution. TEX.CODE CRIM. PROC.ANN. art. 21.06 (Vernon 1989).

■ Wilson's indictment alleged that he delivered a simulated controlled substance in Dallas County. The State proved that the offense occurred in Tarrant County, within 400 yards of Dallas County. The offense location is not an element of the charged offense. TEX.HEALTH AND SAFETY CODE ANN. § 482.002 (Vernon Pamph.1992). Wilson was presumed to know that the State could allege an intra-county offense site and prove an extra-county site. *See Atkins,* 472 U.S. at 130, 105 S.Ct. at 2529. Consequently, Wilson had constructive notice that he might have to defend against proof that the offense occurred outside the prosecuting county's boundaries. The indictment sufficiently apprised Wilson of the offense he was to defend against. We hold that article 21.06 did not violate Wilson's Fifth Amendment due-process rights.

### 2. Double Jeopardy

■ Wilson complains that the indictment's inaccurate allegation of the site of the offense prevents him from pleading the former conviction as a bar to subsequent prosecution. The double jeopardy clause is binding on Texas through the due process clause of the Fourteenth Amendment. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980). The Fifth Amendment provides in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Fifth Amendment's double jeopardy clause protects against a second prosecution for

the same offense after conviction. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Fransaw v. Lynaugh,* 810 F.2d 518, 523 (5th Cir.), *cert. denied,* 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987). The Fifth Amendment bars subsequent prosecutions when the government, to establish an essential element in the subsequent prosecution, must prove conduct that constitutes an offense for which it has already prosecuted the defendant. *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990); *Ex parte Fortune,* 797 S.W.2d 929, 934 (Tex.Crim.App.1990). The critical inquiry is the conduct the State will prove. *Ex parte Fortune,* 797 S.W.2d at 934. The first step is to undertake an analysis consistent with *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We apply the *Blockburger* test to determine whether two offenses are involved, or only one. The test involves an inquiry as to whether each offense requires proof of a fact that the other does not. *Blockburger,* 284 U.S. at 302, 52 S.Ct. at 181; *Fortune,* 797 S.W.2d at 933. Under *Blockburger,* a second prosecution is barred if the statutory elements to be proved are, in the abstract, the same. *Ex parte Ramos,* 806 S.W.2d 845, 847 (Tex. Crim.App.1991). Once elements are found to be the same under the *Blockburger* test, the focus shifts from a technical comparison of the elements of the two offenses to a comparison of the conduct that must be proven in order to convict. *Fortune,* 797 S.W.2d at 934.

The offense site is not an element of delivery of a simulated controlled substance. TEX.HEALTH & SAFETY CODE ANN. § 482.002 (Vernon Pamph.1991). An allegation of a different offense site would not constitute proof of an additional fact. *See Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182; *Ramos,* 806 S.W.2d at 847. A subsequent prosecution, even with an allegation of a different offense site, would fail the *Blockburger* test because the statutory elements are the same for each prosecution. We hold that article 21.06 does not raise a

double jeopardy concern. We overrule Wilson's fifth point of error.

## STATE DUE COURSE OF LAW

In his sixth point of error, Wilson complains that article 21.06 unconstitutionally violates his state constitutional right to due course of law. Article I, section 19 of the Texas Constitution provides, in relevant part, that no citizen shall be deprived of life, liberty, property, privileges or immunities except by due course of the law of the land. TEX.CONST. art. I, § 19. The due process provisions of the Fourteenth Amendment to the United States Constitution and the due course of law provision in article I, section 19, of the Texas Constitution afford the defendant a fair and impartial trial. *See McCambridge v. State,* 725 S.W.2d 418, 421–22 (Tex. App.—Houston [1st Dist.] 1987), *aff'd,* 778 S.W.2d 70 (Tex.Crim.App.), *cert denied,* 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990). Historically, courts have equated the due-course-of-law clause in article I, section 19 of the Texas Constitution with the guarantee of due process under the Fourteenth Amendment of the United States Constitution. *Norris v. State,* 788 S.W.2d 65, 72 (Tex.App.—Dallas 1990, pet. ref'd). However, when analyzing the due-course-of-law clause, the courts of Texas are not bound by United States Supreme Court decisions addressing due process issues. *See Heitman v. State*[5], 815 S.W.2d 681, 690 (Tex.Crim.App.1991).

Wilson complains that the State violated his due-course-of-law rights because he was not given notice of the nature of the accusation against him. He argues that because the indictment alleged the offense occurred in Dallas County, rather than Tarrant County, the State misled him so that he could not prepare a defense. Under Wilson's fourth point of error, we held that Wilson's right to know the nature and cause of the accusation against him, under article I, section 10 of the Texas Constitution, was not violated. We hold that the due course of law clause does not afford

Wilson a right to more notice of the charged offense than that given by article I, section 10. That the offense occurred in a certain county was not a constituent element of the offense. TEX.HEALTH & SAFETY CODE ANN. § 482.002 (Vernon Pamph.1992). Wilson received adequate notice of his alleged criminal act. Wilson's due course of law rights were not violated under these facts. We overrule Wilson's sixth point of error.

We affirm the trial court's judgment.

---

5. We recognize that *Heitman* concerns only article I, section 9 of the Texas Constitution. We address Texas and Federal constitutional issues separately in an abudance of caution.