**Homero Roberto RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–94–342–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 25, 1996.

Rehearing Overruled March 14, 1996.

Discretionary Review Refused May 22, 1996.

Steven L. Woolard, San Angelo, for appellant.

Carlos Valdez, District Attorney, Corpus Christi, Vincent Gonzalez, Assistant District Atty., Kingsville, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted by a jury of possession of marihuana of more than five but less than fifty pounds and was sentenced to twenty years imprisonment. He brings two points of error: (1) that the indictment is fundamentally defective because the indictment was returned by the Kleberg County Grand Jury for a crime that occurred in Kenedy County and (2) that the evidence is insufficient to support the conviction. We affirm.

Appellant was arrested at the U.S. Border Patrol checkpoint on U.S. Highway 77 south of Sarita in Kenedy County, Texas. The indictment charging him alleged that the crime was committed in Kenedy County, although the indictment was returned by the Grand Jury of Kleberg County. Kleberg, Kenedy and Nueces Counties comprise the 105th Judicial District, and the district attorney for that district is responsible for the prosecution of all felonies committed in those counties. *See* Tex.Gov't Code Ann. §§ 24.207, 43.148 (Vernon 1988). At trial appellant did not challenge the indictment or the capacity of the grand jury to charge a crime committed outside of its county, but raises the complaint for the first time on appeal.

36

By his first point of error appellant argues that the Kleberg County Grand Jury lacked jurisdiction to indict him for an act committed in Kenedy County.

The Texas Constitution in Article 1, Section 10, provides that no person shall be held to answer for a criminal offense of the grade of felony unless by an indictment by grand jury. TEX. CONST. art. I, § 10. Article 5, Section 12(b) provides that "[a]n indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense.... The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12(b).

■ The indictment in the instant case charges appellant, a person, with an offense.[1] The indictment was returned by the Grand Jury of Kleberg County and presented to the 105th District Court of that county. The 105th Judicial District consists of Nueces, Kleberg, and Kenedy Counties. TEX.GOV'T CODE ANN. § 24.207 (Vernon 1988). Because the indictment meets the requirements of Article 5, Section 12 of the Texas Constitution, we hold it was sufficient to invest the 105th District Court with jurisdiction over the cause.

■ At common law, a grand jury's indictment power was generally limited to crimes committed within the county. *Rodgers v. Taylor County,* 368 S.W.2d 794, 796–97 (Tex. Civ.App.—Eastland 1963, writ ref'd n.r.e.). "[The grand jury's] duty is to inquire into violations of the criminal laws in the county where they are impanelled." *Id.* (citing *Pigg v. State,* 71 Tex.Crim. 600, 160 S.W. 691 (1913)). The Texas Legislature has modified this general rule, however, by allowing certain offenses to be prosecuted in counties other than the county in which the crime occurred. Possession of marihuana is one

such offense. The Code of Criminal Procedure provides:

An offense of possession or delivery of marihuana may be prosecuted in the county where the offense was committed or with the consent of the defendant in a county that is adjacent to and in the same judicial district as the county where the offense was committed.

TEX.CODE CRIM.PROC.ANN. art. 13.22 (Vernon Supp.1996).

The State argues that, since venue would lie in Kleberg County for the offense of marihuana possession in Kenedy County, the Kleberg County Grand Jury was authorized to return an indictment against him. The State refers to an opinion by the Texas Attorney General on this very issue. Op.Tex. Att'y Gen. No. DM–291 (1994). The Attorney General's opinion concluded that "a Kleberg County grand jury may return an indictment for an offense committed in Kenedy County provided that venue would lie in Kleberg County." *Id.* at 3.[2]

■ Kleberg County and Kenedy County are in the same judicial district. TEX. GOV'T CODE ANN. § 24.207 (Vernon 1988). "Consent" means assent in fact, whether express or apparent. TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1994). Appellant did not object to his case being presented to the Kleberg County Grand Jury. He did not seek to quash the indictment, or object to being tried in Kleberg County. Following voir dire examination and the swearing in of the jury, appellant and the State announced that they were ready for the case to proceed. We conclude that appellant consented to the case being tried in Kleberg County. *Granados v. State,* 843 S.W.2d 736, 737 (Tex.App.—Corpus Christi 1992, no pet.).

■ Since appellant consented to being tried in Kleberg County, venue was proper

1. In *Cook v. State,* 902 S.W.2d 471, 479–80 (Tex. Crim.App.1995), the Court of Criminal Appeals held that an indictment that did not name a person did not invest the court with jurisdiction. In *Studer v. State,* 799 S.W.2d 263, 272 (Tex. Crim.App.1990) the court held an indictment that did not allege all the elements of an offense was sufficient to charge the commission of a crime and invest the court with jurisdiction.

Neither asserted defect is present in the instant indictment.

2. The Attorney General opinion specifically declined to determine whether a grand jury can indict for offenses committed outside the county for which the legislature has not provided venue in the county.

under article 13.22. The Code of Criminal Procedure provides that:

When the offense may be prosecuted in either of two or more counties, the indictment may allege the offense to have been committed in the county where the same is prosecuted, or in any county or place where the offense was actually committed.

TEX.CODE CRIM.PROC.ANN. art. 21.06 (Vernon 1989). In *Wilson v. State*, 825 S.W.2d 155, 160 (Tex.App.—Dallas 1992, pet. ref'd), the Dallas Court of Appeals considered a case in which an indictment alleged that an offense occurred in Dallas County when it in fact occurred in Tarrant County, but within 400 yards of the Dallas County line.[3] The court in *Wilson* noted that "[a]n indictment is not fundamentally defective if it avers that the offense occurred in a county other than the county of prosecution." *Id.*, 825 S.W.2d at 160 (citing *Ex parte Watson*, 601 S.W.2d 350, 352 n. 3 (Tex.Crim.App.1980)).

■ The Texas legislature has provided that proper venue for trying a criminal case for possession of marihuana lies either in the county where the crime took place or in an adjacent county in the same district, provided the defendant consents. Allowing for proper venue in a different county without affording that county's grand jury the power to indict for the crime would be meaningless. The legislature clearly intended for the grand jury of one county to have the power to indict for possession of marihuana in another county within the same judicial district. We hold that the Kleberg County Grand Jury properly indicted appellant for possession of marihuana in Kenedy County. Appellant's first point of error is overruled.

### Sufficiency of the Evidence

Appellant complains by his second point of error that the evidence adduced at trial was insufficient to support the jury's verdict of guilt. Appellant argues that the State's evidence involved accomplice witness testimony, and that this testimony was not sufficiently corroborated to support the conviction. Appellant argues that there was no evidence to show that appellant knew that there was

marihuana in the trunk of the car the accomplice was driving, or that appellant exercised any control over the marihuana or was in custody of it.

The State argues that there was sufficient corroborating evidence to connect appellant to the crime of unlawful possession of marihuana. The State notes that it was not required to prove *exclusive* control by anyone in order to convict appellant for possession of the marihuana.

Appellant was arrested at the Sarita checkpoint in Kenedy County, Texas. Appellant had already passed through the checkpoint when a second car was stopped for transporting marihuana. Some time later, as the agents were questioning the driver of the stopped car, they noticed appellant heading toward the checkpoint, and then crossing the highway median and driving away from the checkpoint. Feeling that this behavior was suspicious, agents stopped appellant's truck. Shortly later, the agents discovered that appellant was the registered owner of the second car.

Appellant told the agents that he was turning around because he had forgotten his wallet, although he had a wallet with him. At trial, the agent who stopped appellant testified that appellant appeared to be intoxicated and was belligerent when he was stopped. The agent also testified that there was a Samsonite cosmetic bag in appellant's truck, and that a key for the bag was discovered in the second car.

The car transporting the marihuana was driven by Julia Bowman. When questioned by border patrol agents at the checkpoint, Bowman appeared extremely nervous, and the border patrol agent asked her if he could inspect the trunk of the car. Bowman agreed, and opened the trunk. The border patrol agent discovered several bundles of marihuana concealed in the spare tire compartment.

The border patrol agent testified that Bowman told him she obtained the marihuana from a man she knew as "George." Bow-

---

3. A county may prosecute offenses that are committed within 400 yards of its boundaries. TEX. CODE CRIM.PROC.ANN. art. 13.04 (Vernon Supp. 1996).

man identified appellant to the agents as the man she knew as "George." She also testified at trial that appellant was "George." The agent testified that Bowman told him that she flew from Austin to McAllen, where she met appellant. In McAllen, she was given keys to a car, and told to follow the truck that her friend Art Sifuentes and appellant were in.[4] Bowman testified that she followed the truck from McAllen, and that the truck passed through the Sarita checkpoint immediately before she attempted to. Bowman was to be paid $2500 for driving the car from McAllen to Austin. She testified that Sifuentes paid her $500 at the hotel before beginning the trip, and she was discovered with the $500 when she was stopped at the Sarita checkpoint. Over $3800 was seized from appellant when he was arrested. Bowman testified that she believed that she was transporting the marihuana for appellant, for whom she believed Sifuentes to be working.

In Texas, the testimony of an accomplice witness must be corroborated. TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979). Article 38.14 states:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

■ Accordingly, we must review the facts and determine whether Bowman's accomplice testimony is adequately corroborated. To determine whether an accomplice's testimony is corroborated, we eliminate the accomplice testimony and review the remaining evidence to determine whether it tends to connect

appellant to the offense. *Munoz v. State*, 853 S.W.2d 558, 559 (Tex.Crim.App.1993).

■ In reviewing the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990). Aside from Bowman's testimony at trial, the jury heard from the border patrol agents and the Kleberg County sheriff that: 1) several bundles of marihuana were discovered in the trunk of a car registered to appellant; 2) appellant had driven through the Sarita checkpoint immediately before the car containing the marihuana was stopped; 3) appellant later approached the checkpoint again, but stopped approximately 75 yards from the checkpoint; 4) appellant had already passed the paved crossover between the lanes of the highway, but he crossed the median anyway and began heading away from the checkpoint; 5) when stopped, appellant and the other occupants of the car gave conflicting reasons for crossing the median and heading away from the checkpoint; 6) $500 was seized from the driver of the car carrying the marihuana and over $3800 was seized from appellant; 7) appellant's truck contained a Samsonite bag that could be opened with a key found in the car carrying the marihuana; and 8) the car that had contained the marihuana was clearly visible in the inspection area of the checkpoint when appellant stopped his truck and turned around.

■ As the Court of Criminal Appeals stated in *Munoz:*

> Corroborative evidence need not establish appellant's guilt of the charged offense nor directly link appellant to the offense, but is sufficient if it "tends to connect" appellant to the offense. Each case must be considered on its own facts and circumstances—

---

**4.** There is conflicting testimony regarding whom Bowman met in McAllen. The border patrol agent testified that Bowman told him she met "George," and that he gave her the keys to the car. Bowman testified that she met Sifuentes. Bowman testified that Sifuentes drove the car to the motel, gave her the car keys and told her to follow the truck that he and a couple of other people were in. At trial, Bowman testified that the man she knew as "George" was driving the truck, but she did not testify that he got out of the truck or that she spoke with him at that time.

She did testify that she "had a good idea" that she was driving the car for appellant, and that Sifuentes told her he was working for appellant. She also testified that she did not tell the border patrol agents that appellant was the one who gave her the car keys or the $500, but that she told them appellant was "the one behind it." Bowman testified that she lied to the border patrol agents when she claimed not to know Sifuentes, because he was her friend and she wanted to protect him.

on its own merit. Apparently insignificant incriminating circumstances may sometimes afford satisfactory evidence of corroboration.

*Munoz*, 853 S.W.2d at 559.

Under the facts of this case, Bowman's testimony regarding appellant's connection with the crime of possession of marihuana is corroborated by the fact that appellant passed through the checkpoint immediately ahead of the car transporting the marihuana, the car transporting the marihuana was registered to appellant, a key in the car Bowman was driving opened a suitcase in appellant's truck, and that appellant attempted to cross the highway median and drive away from the checkpoint when he was in a position to see that Bowman's car had been stopped. We hold that under the circumstances of this case, there was sufficient corroborative evidence to support Bowman's testimony at trial. Appellant's second point of error is overruled.

Having overruled appellant's two points of error, his conviction is AFFIRMED.