NUMBER 13-99-040-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


PILAR RODRIGUEZ GARCIA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 A grand jury in Kleberg County indicted Pilar Rodriguez Garcia,
appellant, for felony possession of marihuana in Kenedy County. See
Tex. Code Crim. Proc. Ann. art. 13.22 (Vernon Supp. 1996). After
pleading guilty, appellant was convicted and sentenced to ten years
imprisonment and fined five thousand dollars. In one point of error, he
contends that the indictment returned by the Kleberg County Grand
Jury was defective because the crime was committed in Kenedy
County. We affirm. 

 Appellant was arrested in Kenedy County at a U.S. Border Patrol
checkpoint south of Sarita, Texas. Kleberg, Kenedy and Nueces
Counties comprise the 105th Judicial District, and the District Attorney
for that district is responsible for the prosecution of all felonies
committed in those counties. See Tex. Gov't Code Ann. §§ 24.207,
43.148 (Vernon 1985, Vernon Supp. 1999). 

 Appellant did not challenge the indictment or the capacity of the
grand jury to charge him with a crime committed outside its county
before he entered his plea, but raises the complaint for the first time on
appeal. Appellant cannot raise this issue on appeal because he did not
object to the indictment in any way prior to entering his plea. See Tex.
R. App. Proc. 33.1 (A party cannot raise an issue on appeal that was not
objected to at the trial court). Additionally, article 1.14(b) of the Texas
Code of Criminal Procedure states that defects, errors, and irregularities
of either form or substance in an indictment must be raised by pretrial
objection or they are waived in post-conviction proceedings. Fisher v.
State, 887 S.W.2d 49, 54 (Tex. Crim. App. 1994) (en banc); Ex parte
Gibson, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) (en banc). In
order to preserve error regarding a defect in the indictment, the
defendant must file a motion to quash or a motion for new trial based
on the alleged defect. See Crum v. State, 946 S.W.2d 349, 358 (Tex.
App.--Houston [14th Dist.] 1997, pet. ref'd). 

 Furthermore, appellant did not file a motion to quash the
indictment before entering his plea. Although appellant filed a motion
for new trial, he did not address any defect in the indictment. 
Therefore, the issue of whether the indictment is defective because it
was not presented in the county where the offense occurred is not
properly before this court. Even if appellant had preserved error,
we conclude the indictment is not defective. Article 13.22 of the Texas
Code of Criminal Procedure states "[a]n offense of possession of
marihuana may be prosecuted in the county where the offense was
committed or with the consent of the defendant in a county that is
adjacent to and in the same judicial district as the county where the
offense was committed." Tex. Code Crim. Proc. Ann. art. 13.22 (Vernon
Supp. 1996). Pursuant to article 13.22, this Court takes judicial notice
sua sponte that Kleberg and Kenedy Counties are adjacent counties
within the same judicial district. See Granados v. State, 843 S.W.2d
736 (Tex. App.--Corpus Christi 1992, no pet.) (An appellate court may
take judicial notice sua sponte that Kleberg and Kenedy Counties are
adjacent counties within the 105th Judicial District of Texas). 

 In Rodriguez v. State, 918 S.W.2d 34, 36 (Tex. App.--Corpus
Christi 1996, pet. denied) this Court held that crimes committed in one
county of the 105th Judicial District may be prosecuted in another
county within that district so long as the defendant consents to the
case being tried in that county. Appellant signed a waiver of rights that
included a consent to venue other than that in which the offense
occurred as provided by section 13.22 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 13.22 (Vernon Supp.
1996). Because appellant signed the Consent to Venue provision of the
Defendant's Waiver of Rights, venue was proper under article 13.22. 
See id. 

 Moreover, we held in Rodriguez, that an indictment is sufficient to
invest the 105th District with jurisdiction over the cause where the
indictment meets the requirements of article 5, section 12 of the Texas
Constitution. See Rodriguez, 918 S.W.2d at 36. Article 5, section 12(b)
provides "[a]n indictment is a written instrument presented to a court
by a grand jury charging a person with the commission of an offense ...
. The presentment of an indictment or information to a court invests
the court with jurisdiction of the cause." Tex. Const. art. V, § 12(b). 
Because the Kleberg County Grand Jury returned the indictment to the
105th District Court of that county, the indictment invested the 105th
District with jurisdiction. 

 Appellant contends that, in enacting article 13.22 of the Texas
Code of Criminal Procedure, the legislature granted the grand jury the
power to prosecute a defendant in a county adjacent to and in the same
judicial district as the county where the offense was committed, with
the defendant's consent, only as a matter of convenience. We find this
argument devoid of any merit. There is no indication that the legislature
intended to enact article 13.22 as a matter of convenience only. To
allow venue to lie in a different county other than the county where the
offense was committed without affording that county's grand jury the
power to indict for the crime would be meaningless. Rodriguez, 918
S.W.2d at 37. The legislature clearly intended to give the grand jury the
power to indict for the possession of marihuana in another county
within the same judicial district with the consent of the defendant. Id. 


 

 Appellant's one point of error is overruled and his conviction is
AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 8th day of June, 2000.