STATE OF NEBRASKA, APPELLEE, V.
JAY E. BRUNA, APPELLANT.
710 N.W.2d 329

Filed January 10, 2006.    No. A-05-529.

Lawrence G. Whelan for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

IRWIN, SIEVERS, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Jay E. Bruna appeals his resentencing for first degree sexual assault on a child because it exceeded the original sentence, which had been vacated. We conclude (1) that the presumption of vindictiveness in sentencing set forth in *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989), does not apply when the second sentencing judge is someone other than the initial sentencing judge and (2) that Bruna failed to prove actual vindictiveness. We therefore affirm.

## BACKGROUND

Pursuant to a jury verdict, Bruna was convicted in the district court for Sarpy County, Nebraska, of first degree sexual assault on a child. One of the district judges for the Second Judicial District—which includes Sarpy County—sentenced Bruna to 15 to 50 years in prison. Bruna appealed to this court, alleging,

inter alia, that the first judge made inappropriate remarks during sentencing. We found merit in this claim, and we vacated the sentence and remanded the cause with directions that Bruna be resentenced by a different judge. See *State v. Bruna*, 12 Neb. App. 798, 686 N.W.2d 590 (2004).

Upon remand, a new sentencing hearing was held in Douglas County, Nebraska, before one of the district court judges for the Fourth Judicial District, which consists of only Douglas County. Bruna, his counsel, and counsel for the State were present at the hearing, and no one raised any objection to the hearing's being held in Douglas County. The record does not show that Bruna expressly consented to the location of the hearing.

Before pronouncing the new sentence, the second judge noted that Bruna's presentence report had not been updated since the previous sentencing and that the judge had reviewed the court file and presentence report. The judge then sentenced Bruna to 20 to 50 years' imprisonment. Bruna appeals.

## ASSIGNMENT OF ERROR

Bruna alleges that the district court abused its discretion and violated Bruna's right to due process of law under the 14th Amendment by imposing a harsher sentence on remand than was imposed by the original sentencing judge.

## STANDARD OF REVIEW

■ When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Gass*, 269 Neb. 834, 697 N.W.2d 245 (2005).

## ANALYSIS

*Jurisdiction.*

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *State v. Sklenar*, 269 Neb. 98, 690 N.W.2d 631 (2005). When lack of jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is

the duty of a reviewing court to raise and determine the issue of jurisdiction sua sponte. *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000).

We begin by noting that the second judge is a district judge for the Fourth Judicial District. See Neb. Rev. Stat. § 27-201 (Reissue 1995) (court may take judicial notice of facts if those facts are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). It is unclear from the record how this matter came to be assigned to the second judge. However, Neb. Rev. Stat. § 24-303 (Reissue 1995) allows a district judge of this state to hold court for another district judge of this state upon request, and such request need not be in writing. See *Iron Bear v. Jones*, 149 Neb. 651, 32 N.W.2d 125 (1948). Moreover, the Nebraska Constitution authorizes judges of the district court to hold court for each other. See Neb. Const. art. V, § 12. Thus, the fact that the second judge was not one of the regular judges for the Second Judicial District does not raise a jurisdictional issue.

The sentencing hearing at issue in this case was held in Douglas County rather than Sarpy County. Neb. Rev. Stat. § 24-734 (Cum. Supp. 2004) provides:

> (1) A judge of any court of this state, . . . at chambers anywhere within the state, shall, in any case in which that judge is authorized to act, have power to exercise the powers conferred upon a judge and upon a court, and specifically to:
>
> . . . .
>
> (d) With the consent of the defendant, hear and determine pretrial and posttrial matters in criminal cases.

The second judge apparently proceeded with sentencing—a posttrial matter—outside of Sarpy County, pursuant to the authority granted by § 24-734(1)(d). Bruna was present and spoke at the sentencing hearing in Douglas County, but the record does not show that he expressly consented to that venue. We find no Nebraska cases stating whether under § 24-734(1)(d), the defendant's consent must be expressed or may be implied, nor do we find any legislative history elucidating the issue.

We find a similar factual scenario in the Texas case of *Rodriguez v. State*, 918 S.W.2d 34 (Tex. App. 1996). In that

case, the defendant was arrested for possession of marijuana in Kenedy County, Texas, and was indicted for the offense by a grand jury in Kleberg County, Texas, which is in the same judicial district as Kenedy County. Texas' code of criminal procedure provided that the offense of possession of marijuana could be prosecuted in the county where the offense occurred or, " 'with the consent of the defendant,' " in a county adjacent to and in the same judicial district as the county where the offense occurred. *Id.* at 36. On appeal, the defendant alleged that the Kleberg County grand jury lacked jurisdiction to indict him. The Texas Court of Appeals observed that the defendant had not objected to his case's being presented to the Kleberg County grand jury, that the defendant did not seek to either quash the indictment or object to being tried in Kleberg County, and that following voir dire examination and the swearing in of the jury, both parties announced that they were ready for the case to proceed. The court referred to Texas' penal code and defined consent as "assent in fact, whether express or apparent." *Id.* The court concluded that the defendant had consented to the case's being tried in Kleberg County.

While we found no Nebraska cases on point, the holding in *Rodriguez v. State, supra,* appears to be consistent with the view of consent in Nebraska. The Nebraska Supreme Court has construed a defendant's failure to object to a continuance of a hearing date as consent to the continuance. See *State v. Feldhacker,* 267 Neb. 145, 672 N.W.2d 627 (2004). In the context of tort law, the Nebraska Supreme Court has defined "consent" as a willingness in fact for conduct to occur which may be expressed by action or inaction, and it has defined "apparent consent," in the same context, as words or conduct reasonably understood by another to be intended as consent. See *Reavis v. Slominski,* 250 Neb. 711, 551 N.W.2d 528 (1996).

In the instant case, Bruna participated in the sentencing hearing and, like the defendant in *Rodriguez v. State, supra,* raised no objection as to venue. Bruna's conduct implied consent to the venue of the sentencing proceedings. We conclude that Bruna's implied consent was sufficient to satisfy the consent requirement of § 24-734(1)(d) and that the second judge had jurisdiction to conduct the sentencing hearing in Douglas County. Because

the district court possessed jurisdiction, we have jurisdiction to consider Bruna's appeal and now turn to the issue he raises on appeal.

*Presumption of Vindictiveness.*

Bruna argues that the increased sentence violated his constitutional right to due process because, he claims, it was the product of vindictiveness. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989), the U.S. Supreme Court held that due process prohibited a defendant from receiving a harsher sentence at resentencing after the defendant's successful attack of the first conviction, which success triggered vindictiveness on the part of the sentencing judge. The Court stated:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

395 U.S. at 725-26. The Court recognized that the U.S. Constitution does not absolutely bar the imposition of a more severe sentence upon reconviction. Courts have construed *Pearce* as applying a presumption of vindictiveness where a sentence has increased after a new trial arising from a successful challenge of a prior conviction. See *Wasman v. United States*, 468 U.S. 559, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984). Bruna contends that he is entitled to the presumption of vindictiveness.

■ Subsequent U.S. Supreme Court cases have refined the holding of *Pearce*. The Court has limited the application of the *Pearce* rule to cases which pose a " 'reasonable likelihood' . . . that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 799, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989) (quoting *United States v. Goodwin*, 457 U.S. 368, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982)).

In *Colten v. Kentucky*, 407 U.S. 104, 92 S. Ct. 1953, 32 L. Ed. 2d 584 (1972), the U.S. Supreme Court held that the presumption of vindictiveness does not apply when the harsher sentence is imposed by the higher court in a two-tiered trial system. In *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973), the U.S. Supreme Court held that the rule does not apply when one jury imposes the initial sentence and another jury imposes a harsher sentence after retrial. The Court explained:

> [T]he second sentence is not meted out by the same judicial authority whose handling of the prior trial was sufficiently unacceptable to have required a reversal of the conviction. Thus, the jury, unlike the judge who has been reversed, will have no personal stake in the prior conviction and no motivation to engage in self-vindication. Similarly, the jury is unlikely to be sensitive to the institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals.

412 U.S. at 27.

In *Texas v. McCullough*, 475 U.S. 134, 106 S. Ct. 976, 89 L. Ed. 2d 104 (1986), the defendant was convicted and sentenced by a jury to 20 years in prison. The case was retried before a jury in front of the same judge who had presided over the first trial. The jury convicted the defendant, and the judge sentenced him to 50 years in prison, basing the increased sentence on new evidence. The Court stated:

> Presuming vindictiveness on this basis alone would be tantamount to presuming that a judge will be vindictive towards a defendant merely because he seeks an acquittal. . . . We decline to adopt the view that the judicial temperament of our Nation's trial judges will suddenly change upon the filing of a successful post-trial motion. The presumption of

*Pearce* does not apply in situations where the possibility of vindictiveness is this speculative . . . .

The presumption is also inapplicable because different sentencers assessed the varying sentences that [the defendant] received. In such circumstances, a sentence "increase" cannot truly be said to have taken place. . . . Here, the second sentencer provides an on-the-record, wholly logical, nonvindictive reason for the sentence. We read *Pearce* to require no more, particularly since trial judges must be accorded broad discretion in sentencing.

*Texas v. McCullough*, 475 U.S. at 139-40.

The *McCullough* Court further declined to read *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989), as governing situations in which there are two different sentencing judges. The Court noted:

*Pearce* itself apparently involved different judges presiding over the two trials, a fact that has led some courts to conclude by implication that the presumption of vindictiveness applies even where different sentencing judges are involved. . . . That fact, however, may not have been drawn to the Court's attention and does not appear anywhere in the Court's opinion in *Pearce*. Clearly the Court did not focus on it as a consideration for its holding.

*Texas v. McCullough*, 475 U.S. at 140 n.3.

In the instant case, Bruna was sentenced by two different judges, and we find no Nebraska case applying the presumption of vindictiveness to such a situation. We recognize that *State v. Wilson*, 252 Neb. 637, 564 N.W.2d 241 (1997), involved two trials and two different sentencing judges. In that case, the defendant argued that the second sentencing court had erred in imposing a sentence that was harsher than the first sentence, which had been overturned on a motion for postconviction relief. The Nebraska Supreme Court discussed some of the foregoing authority and concluded: "Because events in the second trial shed new light on the defendant's character and because the reasons for imposing a heavier sentence appeared in the record, any presumption of vindictiveness under *Pearce* is effectively

rebutted." *State v. Wilson*, 252 Neb. at 657, 564 N.W.2d at 255. The court in *Wilson* did not focus on whether the presumption of vindictiveness applied.

Other jurisdictions have declined to apply the presumption of judicial vindictiveness in cases in which the defendant successfully appealed an initial sentence by one judge only to receive a greater sentence upon resentencing by a different judge. See, e.g., *Gauntlett v. Kelley*, 658 F. Supp. 1483 (W.D. Mich. 1987); *State v. Parmelee*, 121 Wash. App. 707, 90 P.3d 1092 (2004); *State v. Mitchell*, 670 N.W.2d 416 (Iowa 2003); *State v. Hilton*, 291 S.C. 276, 353 S.E.2d 282 (1987). Based on the foregoing authorities, we decline to apply the presumption in this case also.

In the case before us, the procedural history does not support Bruna's position that his successful appeal was the motivation for the greater sentence. The second judge did not have a personal stake in the first sentence or a personal motive for vindication, and like the U.S. Supreme Court in *Texas v. McCullough*, 475 U.S. 134, 106 S. Ct. 976, 89 L. Ed. 2d 104 (1986), we decline to base the presumption on speculations of judicial vindictiveness. We recognize that judges bring their varying life experiences to the bench, which circumstances can result in judges' imposing different sentences after having reviewed the same evidence. This is a natural consequence of the standard which allows judges to use their discretion in sentencing. See *State v. Anglemyer*, 269 Neb. 237, 691 N.W.2d 153 (2005) (enumerating factors judge may consider in imposing sentence). Because the judge who imposed Bruna's second sentence is not the same judge who imposed the first sentence, we conclude that there is no reasonable likelihood that vindictiveness contributed to the sentence appealed in this case.

*Actual Vindictiveness.*

A defendant may still prevail on a claim of judicial vindictiveness by showing actual vindictiveness in resentencing. See *Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989). Bruna alleges vindictiveness in resentencing, based on the increase between his first and second sentences. He does not argue that his second sentence resulted from actual

vindictiveness, and absent plain error, we will not consider errors that were neither assigned nor argued. See *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). We find no evidence of actual vindictiveness in the record. A sentencing authority "is to be accorded very wide discretion in determining an appropriate sentence" and should be allowed to consider "any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed." *Wasman v. United States*, 468 U.S. 559, 563, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984). Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Anglemyer, supra.* The second judge based the sentence on permissible considerations and apparently viewed the situation differently from the original sentencing judge. We conclude that Bruna has failed to prove actual vindictiveness by the judge in the resentencing of Bruna.

## CONCLUSION

For the foregoing reasons, we conclude that the presumption of vindictiveness in sentencing set forth in *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds, Alabama v. Smith, supra*, does not apply when the second sentencing judge is someone other than the initial sentencing judge and that Bruna failed to prove actual vindictiveness. We therefore affirm.

AFFIRMED.