### WILL CRAIN v. STATE.

No. 2192. Decided January 8, 1913.

Rehearing Denied February 5, 1913.

**1.—Carrying Pistol—Ignorance of the Law.**

Ignorance of the law excuses no one, and it is a violation of the law to carry a pistol even though one should place one part of it in one pocket and another part in another pocket; the pistol being in no way out of repair.

**2.—Same—Intent—Charge of Court.**

The question of defendant's intent does not enter into the case, where the defendant took the pistol apart and carried it around with him to church and other places of public gatherings, and the only excuse was that he did not know it was against the law.

**3.—Same—Charge of Court—Intent—Case Stated.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant carried the pistol on and about his person at different public gatherings, saying that he wanted the party who gave it to him to redeem it; and that he was found with the pistol, having all the different parts of it in his pocket, there was no error in the court's refusal of a special charge to acquit the defendant if he did not intend to violate the law, and if he took the pistol apart.

**4.—Same—Charge of Court—Weight of Evidence.**

Where, upon trial of unlawfully carrying a pistol, the charge of the court applied the law to the admitted facts, the same was not on the weight of the

evidence. Following Cordova v. State, 50 Texas Crim. Rep., 353, and other cases.

**5.—Same—Evidence—Firing Pistol.**
    Where defendant was permitted to testify that he did not fire the pistol, there was no error in permitting testimony that the officer who found defendant in possession thereof heard shooting in that direction.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. E. P. Marshall.

Appeal from a conviction of unlawfully carrying a pistol; penalty a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*V. E. Middelbrook,* for appellant.—On question of intent: Lann v. State, 25 Texas Crim. App., 495; Lyle v. State, 21 id, 153; White v. State, 66 S. W. Rep., 773; West v. State, 21 Texas Crim. App., 427; Underwood v. State, 29 S. W. Rep., 777; Huff v. State, 51 Texas Crim. Rep., 441; Blaire v. State, 26 Texas Crim. App., 387, and cases cited in opinion.

On question of charging on weight of evidence: White v. State, 13 Texas Crim. App., 134; Hardin v. State, 13 Texas Crim. App., 192.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of unlawfully carrying a pistol, his punishment being assessed at imprisonment in the county jail for thirty days and a fine of $100.

A witness for the State testified that defendant had a pistol at a gathering at Redland church. That he saw defendant with the pistol in his hands, and saw him load and unload it. Deputy Sheriff Strode says that night he heard some shots fired and went in the direction he heard the shooting; that when he arrived at Monroe Johnson's (where they were having a party) he took a pistol off of defendant; that the cylinder was in his jumper pocket while the remainder of it was in his pantaloons pocket; that it had two empty shells in it. Defendant then took the stand and admitted he had the pistol, both at the gathering at Redland church in the evening, and at the party at Monroe Johnson's that night, claiming that while at Redland church one Dan Clark approached him and wanted to borrow thirty cents, agreeing to pawn him the pistol and pay the money back that evening or night. He denies loading and unloading the pistol at the church, claiming that as soon as Clark delivered it to him he took the cylinder out and put it in one pocket and the remainder of the pistol in another pocket, saying he did not think it was a violation of the law to carry the pistol when in this condition.

Ignorance of law excuses no one, and it is a violation of the law to carry a pistol even though one should place one part of it in one pocket and another part in another pocket. One could soon put the parts

together, and the intent and purpose of the law is to keep one from carrying deadly weapons on or about his person. The pistol was in no way out of repair; it would shoot when put together as shown by all the testimony, and those cases cited by appellant, where the pistol was so out of repair it could not be fired, have no application. (McCallister v. State, 55 Texas Crim. Rep., 392.)

Appellant gives as a reason for carrying the pistol with him from Redland church to Monroe Johnson's, that as Clark had stated he would redeem it that evening or night, he wanted to have it with him in case Clark came to redeem it. Appellant had no right to carry the pistol at Redland church, and from Redland church to Johnson's, and there have it on his person at a public gathering. The evidence shows that in going from the church to Johnson's he necessarily passed near his home, where he could have deposited the pistol, or if he did not desire to do this, when he got to Johnson's, if he really carried it there to give Clark an opportunity to redeem it, he could have deposited it some where at this place. Instead of doing this he elected to go into a public gathering with the pistol on his person and keep it there. This in law he had no right to do, and as this was a violation of the law, the fact that he did not know it was a violation furnishes no justification for this act. The question of his intent does not enter into the case, for he intended to do the very thing he did do, the only excuse offered being that he did not know it was against the law to thus carry a pistol. This was simply ignorance of the law, and excuses no man. (Cordova v. State, 50 Texas Crim. Rep., 353.)

Defendant requested the court to charge the jury: "You are charged, further, intent is an element to be considered in this case, and if you believe from the evidence that the defendant took the pistol apart and disassembled it for the purpose and with the intention of so fixing it that he would not be violating the law while he was carrying it, then under such conditions he would not be guilty, and if you so find you will acquit the defendant, or if you have a reasonable doubt as to whether he so carried it, you will acquit him." This is not the law, and the court did not err in refusing to give it. If appellant only did the acts he intended to do, believing that same was no violation of law, yet if in fact such acts were prohibited by law, he would be punishable, for all persons are presumed to know what the law prohibits one from doing. (Medrano v. State, 32 Texas Crim. Rep., 214; Thompson v. State, 26 Texas Crim. App., 94.) The question involved in this case is discussed by this court in Chaplin v. State, 7 Texas Crim. App., 87, in which it was held that one who carried a pistol under the belief that it was not a violation of the law to carry it under given circumstances, was a mistake of law and not of fact, and we merely refer to that opinion and the cases following it.

The other special charges requested by appellant also relate to the "intent" and should not have been given under the facts of this case. The court instructed the jury:

"The defendant had the right to obtain possession of the pistol at Redland Church, as set up in his admission, but the defendant, while he would not violate the law in getting the pistol, as admitted, and carrying same home within a reasonable time and along his way to his home by the ordinary or accustomed route of travel, still the defendant would not have the right to deflect from his accustomed route home and proceed beyond his home more than a mile and retain a pistol on his person at a party for some five or six hours.

"The fact that the pistol, which was intact, in shooting order, and partially loaded at the time defendant received it, was separated by the defendant's taking the partially loaded cylinder from the pistol and carrying the barrel of the pistol in one pocket and the cylinder, as described, in another pocket, would not excuse the defendant in thus carrying said pistol beyond his home and at the party at Monroe Johnson's."

The objection made by appellant is that this charge is upon the weight of the testimony. As the record shows the facts recited were proven beyond doubt, in fact testified to by defendant himself, and all other witnesses, even if upon the weight of the evidence, such fact would not present reversible error. However, the charge was but applying the law to the admitted facts, and this character of charge has been approved by this court in Codova v. State, 50 Texas Crim. Rep., 353, and Zollicoffer v. State, 43 S. W. Rep., 992.

There was no error in permitting the officer to state he heard shooting in a certain direction and went there, where he found appellant in possession of a pistol. The officer could state what attracted his attention, and this would not be injurious. Appellant was permitted to state and introduce other witnesses to prove, that he did not fire the pistol after it came into his possession.

It may be that this defendant carried this pistol to the party at Monroe Johnson's under an honest belief that the owner would redeem it that night, yet this would not authorize him to mix and mingle with the crowd until eleven or twelve o'clock at night with the pistol on his person.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied February 5, 1913.—Reporter.]