Cary Wayne HAYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 051 CR.

Court of Appeals of Texas, Beaumont.

Jan. 11, 1984.

Joe B. Goodwin, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

McNICHOLAS, Justice.

Appellant was charged by information for the misdemeanor offense of unlawfully carrying a weapon—a star-shaped knife. The jury found appellant guilty and assessed punishment. Appellant asserts four grounds of error.

Appellant first questions the constitutionality of *TEX.PENAL CODE ANN. Sec. 46.01(6)(B)* (Vernon Supp.1982–1983). Appellant alleges that the wording of the statute is "so vague and indefinite" that it violates his constitutional right to know "the nature and cause of the accusation against him" as guaranteed by *TEX. CONST. art. I, sec. 10.*

The charging instrument stated appellant "intentionally and knowingly carr[ied] on or about his person an illegal knife, namely, a star-shaped blade designed to cut or stab another by being thrown." The relevant statutory provisions are:

"Sec. 46.02. Unlawful Carrying Weapons

(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife or club.

"Sec. 46.01. Chapter Definition

\* \* \* \* \* \*

(6) "Illegal knife" means a:

\* \* \* \* \* \*

(B) a hand instrument designed to cut or stab another by being thrown;"

\* \* \* \* \* \*

The Court of Criminal Appeals has stated the test for determining whether a statutory provision is void for vagueness. The test is whether the language of the statute fails to give a person of ordinary intelligence fair notice that his conduct is forbidden by statute or is so indefinite that it encourages arbitrary and erratic arrest and convictions. *Coleman v. State,* 632 S.W.2d 616 (Tex.Crim.App.1982). Thus the thrust of the inquiry is whether the terms of the statute are so indefinite that men of common intelligence must necessarily guess its meaning.

We hold that the statute is not unconstitutionally void for vagueness and that it is not so indefinite that it deprives a person of due process of law. *Section 46.01(6)(B)* is written clearly, in precise and definite terms and aptly described what instruments constitute illegal knives. The statutory language is easily comprehendable and a man of ordinary intelligence has adequate notice of what conduct is proscribed by the statute.

Additionally, the recent appellate court case of *Albert v. State,* 659 S.W.2d 41 (Tex.App.—Houston [14th Dist.] 1983) holds that an eight-pointed star, identified as a "martial arts throwing star" was sufficient to establish the instrument as an illegal knife. We believe this holding adds support to our decision that the statute is neither vague nor indefinite and gives fair notice of the proscribed conduct.

Appellant's first ground of error is overruled.

Appellant next complains that the evidence is insufficient to support his conviction because "there is no showing that the appellant knew that the object he possessed was contraband." Appellant contends that the State must affirmatively

prove that he knew the instrument he possessed was contraband.

This contention is contrary to Texas law. The courts of this State have long held that persons are presumed to know the law and ignorance of the law excuses no man. *Crain v. State*, 69 Tex.Crim. 55, 153 S.W. 155 (1913). The *Crain* case is authority for the proposition that "the fact ... [appellant] did not know [the carrying] was a violation furnishes no justification for his act." Therefore, we hold that an accused may be criminally liable for knowingly carrying a weapon, even if the accused did not know that the carrying of the weapon constituted an offense.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error alleges the trial court erred in allowing the officer to testify as to prior trouble with the appellant as it "constituted evidence of an extraneous offense." In his brief, appellant discusses the third and fourth grounds of error together. However, the argument and the authority cited deals solely with the fourth ground of error.

Appellant has failed to elaborate or cite any authority in support of his third ground of error. This is not in conformity with *TEX.CODE CRIM.PROC.ANN. art. 40.09, subd. 9* (Vernon Supp.1982–1983).

A ground of error in support of which no argument was advanced and no authority cited presents nothing for review. *McWherter v. State*, 607 S.W.2d 531 (Tex. Crim.App.1980). *Hayes v. State*, 484 S.W.2d 922 (Tex.Crim.App.1972).

After reviewing the fourth ground of error and the record, we find it to be without merit. Therefore appellant's fourth ground of error is overruled.

Judgment affirmed.