43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard M. KRANZ, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 94-3448.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Richard M. Kranz, petitioner, appeals from the June 1, 1994 final decision of the Merit Systems Protection Board (MSPB or Board) in Docket No. DA-0752-92-0662-I-1.
 
 
 2
 The Board upheld petitioner's removal from his position as a Border Patrol Agent with the Immigration and Naturalization Service, Department of Justice, and we affirm.
 
 DISCUSSION
 I.
 
 3
 Petitioner was removed from his position for: 1) conduct unbecoming a service officer, including unlawful possession of a handgun; and 2) falsification, misstatement, or concealment of a material fact during the course of an investigation.
 
 
 4
 The events that led to petitioner's removal occurred about 2 A.M. on the night of September 1, 1991, during petitioner's off-duty visit in a private home in Uvalde, Texas. Several men and women besides petitioner were present and one of the men, Jimmy Postell assaulted one of the women, Bobbie Williams. After Postell was ejected from the house, petitioner and Postell had a fight during which, the agency alleges, a handgun carried by petitioner was accidentally discharged.
 
 
 5
 The administrative judge conducted a full hearing and with respect to the first charge, found that the agency had failed to prove that the petitioner was not entitled to carry a handgun under any exception listed in the Texas statutes, or that his conduct on the night in question constituted conduct unbecoming a service officer. On the second charge, the administrative judge found that Mr. Kranz had falsified, misstated, or concealed a material fact during the course of the official investigation. The administrative judge also found that the removal action was not based on any prohibited personnel practice; that it was not a reprisal for whistleblowing; and, that the penalty of removal was reasonable and promoted the efficiency of the service.
 
 
 6
 Upon petition for review of the initial decision, the full Board denied the petition but reopened the appeal on its own motion, modified the initial decision, and sustained the removal. On the basis of this court's decision in Grubka v. Department of Treasury, 858 F.2d 1570, 1574-75 (Fed.Cir.1988), the Board held that the petitioner's denial of the initial charges could not become the basis of a separate offense of making false statements regarding such charges.
 
 
 7
 However, the Board reversed the administrative judge's holding that Mr. Kranz was not guilty of conduct unbecoming a service officer. The Board sustained the Administrative Judge's finding that the agency had proved, by a preponderance of the evidence, that the petitioner was carrying a handgun at the time and place in issue and that the handgun was discharged. The Board also determined that the petitioner had failed to discharge his burden by showing that he was entitled to carry a handgun under any of the exceptions provided by Texas law.
 
 
 8
 We conclude that the Administrative Judge's findings of facts are supported by substantial evidence and that the Board's holding on the applicability of the Texas statutes is correct as a matter of law.
 
 
 9
 During a full hearing in which the administrative judge had the opportunity to hear and observe the witnesses and to determine the weight to be accorded their testimony, the administrative judge found that on the occasion in issue, petitioner had an altercation with Postell, and that a handgun in petitioner's possession was discharged. In her decision, the administrative judge made a thorough analysis of the conflicting evidence presented and determined that the testimony of the agency witnesses was more credible than the testimony of petitioner and his principal witness. On review the Board found that the administrative judge had thoroughly analyzed the relevant facts, and that petitioner's mere disagreement with the credibility determinations of the administrative judge did not show any error. We agree.
 
 II.
 
 10
 Although the Board disagreed with the administrative judge on the application of the Texas law regarding the carrying of a handgun, we call attention to the well established rule that the Board has the authority to reject a presiding officer's decision in a particular case and substitute its own decision, either on the facts or on the law. See Connolly v. United States Dep't of Justice, 766 F.2d 507, 512 (Fed.Cir.1985); Ommaya v. National Insts. of Health, 726 F.2d 827, 831 n. 6 (D.C.Cir.1984).
 
 III.
 
 11
 Petitioner's principal challenge to the Board's decision amounts to an argument that the witnesses presented by him were more credible than those relied upon by the administrative judge and the Board.
 
 
 12
 We must reject this argument because this court has repeatedly held that the Board's credibility determinations are virtually unreviewable in this court. See Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985). Furthermore, we hold that the Board correctly applied the Texas law regarding the handgun which the Administrative Judge found that the petitioner was carrying at the time of the incident. See United States v. Elorduy, 612 F.2d 986, 990-91 (5th Cir.), cert. denied, 447 U.S. 910 (1980); Hayes v. State, 672 S.W.2d 246, 248 (Tex.App.--Beaumont 1984); Chatman v. State, 513 S.W.2d 854, 856 (Tex.Crim.App.1974).
 
 IV.
 
 13
 Finally, petitioner contends that the penalty of removal imposed in this case was unreasonable and an abuse of agency discretion, because in determining the penalty, the MSPB erroneously relied on a prior disciplinary action against him. He argues that the Board failed to recognize that the disciplinary action occurred after the incident of September 1, 1991 and that there was no finding of prior disciplinary action by a trier of facts. The rule consistently applied in this court is that the penalty for employee misconduct is left to the sound discretion of the agency, and that we will defer to the agency's choice of penalty unless it is grossly disproportionate to the offense charged. See Baker v. Department of Health & Human Servs., 912 F.2d 1448, 1456 (Fed.Cir.1990). However, without regard to any prior disciplinary action, the Board found that in view of the fact that petitioner was a peace officer, his possession of a handgun in violation of Texas law warrants the penalty of removal. Consequently, we hold that there was no abuse of discretion in the determination of the penalty in this case.
 
 CONCLUSION
 
 14
 In conclusion, we emphasize that our scope of review is limited by the provisions of 5 U.S.C. Sec. 7703(c). We have applied this standard of review, and conclude that petitioner failed to establish any grounds for reversal of the Board's decision.