

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-14-00019-CR**
**No. 10-14-00020-CR**

MARK KEN TAFEL,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the County Court**
**Hamilton County, Texas**
**Trial Court Nos. 15291 and 15292**

# O P I N I O N

In two cause numbers, the trial court convicted Mark Ken Tafel of the offense of unlawful carrying of a handgun by a license holder and assessed his punishment at thirty days confinement and a $500 fine. The trial court suspended imposition of the sentence and placed Tafel on community supervision for six months. We affirm.

## Background Facts

Mark Ken Tafel was a County Commissioner for Hamilton County. Sheriff Gregg Bewley received complaints that Tafel was carrying a concealed handgun to meetings of the Commissioners Court. Sheriff Bewley met with Tafel and discussed those concerns. On February 23, 2011, Tafel gave Sheriff Bewley a written statement in which he stated that he understood he could not carry a handgun to the meetings of the Commissioners Court.

On April 14, 2011, County Judge Randy Mills issued a letter to Tafel purportedly authorizing Tafel to carry concealed handguns to the meetings. Judge Mills gave a copy of the letter to Tafel; however, Judge Mills did not file the letter in any court in Hamilton County.

Sheriff Bewley attended the November 14, 2011 meeting of the Hamilton County Commissioners Court and observed a bulge that he believed was a weapon under Tafel's jacket. Sheriff Bewley recovered a .45 caliber handgun and a .22 caliber revolver from Tafel, and he placed Tafel under arrest.

## Sufficiency of the Evidence

In the first issue, Tafel argues that the evidence is insufficient to support the trial court's rejection of the defensive issue of lack of effective notice. We first will determine whether Section 46.035 (i) of the Texas Penal Code is an exception or a defense. The Texas Penal Code provides that:

> A license holder commits an offense if the license holder intentionally, knowingly, or recklessly carries a handgun under the authority of

Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed, at any meeting of a governmental entity.

TEX. PENAL CODE ANN. § 46.035 (c) (West Supp. 2014). The Texas Penal Code further provides that subsection (c) does "not apply if the actor was not given effective notice under Section 30.06." TEX. PENAL CODE ANN. § 46.035 (i) (West Supp. 2014).

Section 2.02 (a) of the Penal Code provides, "An exception to an offense in this code is so labeled by the phrase: 'It is an exception to the application of . . . .'". TEX. PENAL CODE ANN. § 2.02 (a) (West 2011). Section 2.03 (e) of the Penal Code states, "A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense." TEX. PENAL CODE ANN. § 2.03 (3) (West 2011). We agree with Tafel that Section 46.035 (i) is a defense.

When a defendant challenges the legal sufficiency of the evidence to support rejection of a defense, we examine all of the evidence in the light most favorable to the verdict to determine whether a rational factfinder could have found the defendant guilty of all essential elements of the offense beyond a reasonable doubt and also could have found against the defendant on the defensive issue beyond a reasonable doubt. *See Dudzik v. State*, 276 S.W.3d 554, 557 (Tex.App.-Waco 2008, pet. ref'd).

Section 46.035 (i) states that subsection (c) does "not apply if the actor was not given effective notice under Section 30.06." TEX. PENAL CODE ANN. § 46.035 (i) (West Supp. 2014). Section 30.06 provides that:

(b) For purposes of this section, a person receives notice if the owner of the property or someone with apparent authority to act for the owner provides notice to the person by oral or written communication.

(c) In this section:

(1) "Entry" has the meaning assigned by Section 30.05(b).
(2) "License holder" has the meaning assigned by Section 46.035(f).
(3) "Written communication" means:
(A) a card or other document on which is written language identical to the following: "Pursuant to Section 30.06, Penal Code (trespass by holder of license to carry a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (concealed handgun law), may not enter this property with a concealed handgun"; or

(B) a sign posted on the property that:
(i) includes the language described by Paragraph (A) in both English and Spanish;
(ii) appears in contrasting colors with block letters at least one inch in height; and
(iii) is displayed in a conspicuous manner clearly visible to the public.

TEX. PENAL CODE ANN. § 30.06 (b) (c) (West 2011).

Tafel focuses on whether a rational factfinder could have found against him beyond a reasonable doubt on the issue of lack of effective notice. Section 30.06 provides that effective notice can be provided by oral or written communication. Judge Mills posted a sign in an attempt to comply with the provisions of Section 30.06. The record is unclear whether the sign was displayed in a conspicuous manner clearly visible to the public and whether it contained contrasting colors with block letters. The sign was printed only in English.

The record indicates that Tafel was aware of the sign after it was posted. Sheriff Bewley met with Tafel to discuss Tafel carrying weapons to the county commissioner's meetings. Tafel's statement to Sheriff Bewley is as follows:

My name is Mark Tafel and I am the Commissioner of Hamilton County Precinct Two. Sheriff Bewley asked me to come to his office today regarding

concealed carry of a firearm. It has been brought to my attention questions have been raised from the past where I did not willingly or knowingly break any laws. On or prior to a Commissioner's Court meeting discussions from a gentleman, Dave Gustafson, asked questions of concealed carry. At that point in time no 30.06 sign was posted at the courtroom nor did I know that any laws were being broken. As questions arose weeks later I confirmed that I cannot carry a concealed weapon during court hours with proper signage displayed. Sheriff Bewley investigated Texas Penal Codes and determined that section 46.03 and 46.035 are applicable when Commissioner's Court is in session. From knowing this now I have not and will not carry a weapon until new laws are written from our state courts. In fact from that day forward, in talking to Sheriff Bewley, I have been pursuing our state representative and his aid where the state house is challenging and changing the validity of 46.03 and 46.035 to allow any elected officials in Commissioner's Court or any Justice Court to carry a concealed weapon as long as they are a CCL holder. The Sheriff has asked me about a conversation that occurred prior to a Commissioner's Court meeting between myself and Mr. Gustafson. A discussion I vaguely remember was about whether we, Dave and I, were legal to carry concealed weapons in the courthouse. Judge Mills had previously told me it didn't bother him that I carried in the courthouse. There was no positive outcome of Dave and mine's conversation till weeks later when Sheriff Bewley confirmed that according to Texas Penal Code section 46.03 and 46.035 that I would be breaking the law if I carried in the courtroom when in session. Back to the discussion with Dave Gustafson, in a conversation I vaguely remember, the Sheriff has referred to my patting my clothing and ankle with which I completely disagree that could have happened. Because, I have never carried a boot gun. I do however carry an underarm shouldered weapon or small of the back carry. Again though I must reiterate that no determination was made of what is legal and wasn't legal. Today however, we do know, and that is why I do not carry during court. I don't want to lie I believe I was carrying a concealed weapon on my first and second court date. Again after this conversation with Mr. Gustafson I brought the concern to our County Judge and he didn't care that I was carrying during court.

This issue seems to be very confusing to me and to others. We know state law says that a 30.06 sign must be posted to stop concealed carry with that building. At no time were signs ever present until recently, and now I know that I cannot carry a weapon past that sign. At no time did I intentionally or knowingly break any laws. In fact I pride myself in being an upstanding law abiding citizen. Being taught what is proper in concealed carry by my instructor, Carl Chandler, told me that it was my right to carry in the state capitol while it is in session. This has been confirmed by the state reps

assistant that concealed carry is allowed at the state capitol but not in a county courtroom. This is why they are vigilantly trying to change the law. This is the end of my statement.

Tafel further consulted with County Attorney Mark Henke on carrying a concealed handgun in the courtroom and to the meetings of the Commissioners Court. Henke never advised Tafel that he was permitted to carry a concealed handgun to the meetings of the Commissioner's Court. Henke testified that his advice was consistently "… don't do it. You risk going to jail." Henke and Tafel also discussed the sign posted in an attempt to comply with Section 30.06. Tafel was aware of the written sign prohibiting him from carrying a handgun to the meetings, and Tafel received oral notice that he was prohibited from carrying a handgun to the meetings. Viewing the evidence in the light most favorable to the verdict, we find that a rational factfinder could have found against Tafel on the issue of lack of effective notice. We overrule the first issue.

**Mistake of Law**

In the second issue, Tafel argues that the evidence established as a matter of law the affirmative defense of mistake of law. To establish the affirmative defense of mistake of law, a defendant bears the burden of proving by a preponderance of the evidence that he reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon:

> (1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or
> (2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question.

TEX. PENAL CODE ANN. §§ 2.04, 8.03(b) (West 2011).

The proper standard in criminal cases for review of legal sufficiency challenges to a factfinder's refusal to find on an issue that the defendant had the burden of proof is the same standard applied in civil cases. *Reynolds v. State*, 385 S.W.3d 93, 100-101(Tex.App.-Waco 2012, *aff'd* 423 S.W.3d 377 (Tex. Crim. App. 2014). That standard requires a two-step analysis. *Id.* We first examine the record for any evidence that supports the factfinder's refusal to find while ignoring all evidence to the contrary. *Id.* If no evidence supports the refusal to find, we then examine the entire record to determine whether the evidence establishes the affirmative defense as a matter of law. *Id.*

> Judge Mills wrote a letter addressed to "To Whom It May Concern" and states:
>
> Commissioner Mark Tafel is authorized by this office to exercise his authority under Texas Concealed Handgun laws to carry concealed handgun in Hamilton County Commissioners Court. This is to remain in effect until further notification.

Tafel contends that he relied on Judge Mill's authorization to bring concealed handguns to the commissioners meeting pursuant to TEX. PENAL CODE ANN. §8.03(b) (2) (West 2011).

Section 8.03 requires reliance on a narrow class of official statements or interpretations of the law. *Hawkins v. State*, 656 S.W.2d 70, 73 (Tex. Crim. App. 1983). The letter is not a written interpretation of the law contained in an opinion as set out in Section 8.03 (b) (2). An interpretation is defined as an explanation. (Merriam Webster's Collegiate Dictionary (10th Edition 1993). The letter written by Judge Mills does not explain the applicable law, and it is not an opinion. Judge Mills testified that his letter

did not constitute an opinion. We find that Tafel's reliance on the letter was not reasonable. Tafel did not establish the affirmative defense of mistake of law as a matter of law. We overrule the second issue.

## Conclusion

We affirm the trial court's judgments.

AL SCOGGINS
    Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed August 31, 2016
Publish
[CR25]

